# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IRMA A. ROSALES,                          )    Case No. CV 13-03732-JEM
                                          )
                Plaintiff,                )
                                          )
        v.                                )    MEMORANDUM OPINION AND ORDER
                                          )    AFFIRMING DECISION OF THE
                                          )    COMMISSIONER OF SOCIAL SECURITY
CAROLYN W. COLVIN,                        )
Acting Commissioner of Social Security,   )
                                          )
                Defendant.                )
_____    )

## PROCEEDINGS

On May 30, 2013, Irma A. Rosales ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on September 24, 2013.  On November 26, 2013, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 61-year-old female who applied for Social Security Disability Insurance benefits on February 16, 2006.  (AR 34, 56.)    Plaintiff's claim was denied initially on June 25, 2006 and on reconsideration on January 12, 2007.  (AR 23.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lisa D. Thompson on October 16, 2007, in West Los Angeles, California.  (AR 34, 56.)  The ALJ issued an unfavorable decision on December 6, 2007.  (AR 56-63.)  On August 22, 2008, the Appeals Council vacated the ALJ's decision and remanded the claim for further proceedings.  (AR 65-67.)

On October 2, 2009, Claimant filed new applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  (AR 34.)  The applications were denied initially and on reconsideration and on November 3, 2010, Claimant requested a hearing which was held on June 20, 2011, in West Los Angeles, California, before ALJ Sally C. Reason.  (AR 34.)  The hearing encompassed the order of remand and the new applications were consolidated for adjudication.  (AR 34, 908-932.)  Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel.  (AR 34.)  Vocational expert ("VE") June C. Hagen also appeared and testified at the hearing.  (AR 34.)

The ALJ issued an unfavorable decision on June 24, 2011.  (AR 34-43.)  On March 28, 2013, the Appeals Council denied Plaintiff's request for review.  (AR 2-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.    Whether the ALJ's determination that Ms. Rosales could perform her past relevant work as a cashier-checker as generally performed in the national economy is based on substantial evidence and free of legal error.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v.

2

Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not

1  significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must

2  determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R.

3  Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment

4  meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen

5  v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents

6  the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

7  2001).

8      Before making the step four determination, the ALJ first must determine the claimant's

9  residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity

10  ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an

11  assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

12  The RFC must consider all of the claimant's impairments, including those that are not severe.

13  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

14      If the claimant cannot perform his or her past relevant work or has no past relevant work,

15  the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

16  claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

17  869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

18  consistent with the general rule that at all times the burden is on the claimant to establish his or

19  her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

20  by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

21  other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

22  a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

23  demonstrating that other work exists in significant numbers in the national economy that the

24  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

25  § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

26  entitled to benefits.  Id.

27  / / /

28  / / /

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 2, 2003, the alleged onset date.  (AR 37.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: fibromyalgia; right carpal tunnel syndrome; right shoulder impairment; and cervical degenerative disc disease.  (AR 37-38.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (AR 38.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for the following limitations:

> . . . lifting 20 pounds occasionally and 10 pounds frequently, standing and/or
> walking for 6 hours in an 8-hour workday; sitting for up to 6 out of 8 hours,
> with the following additional limitations: no more than occasional postural
> activities; no forceful activities or more than occasional above-shoulder
> reaching with the right (dominant) upper extremity; and no jumping.

(AR 38-42.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 39.)  Plaintiff does not challenge here the ALJ's adverse credibility determination.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a cashier-checker as it is generally performed in the national economy.  (AR 42, 43.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act.  (AR 43.)

**DISCUSSION**

The ALJ decision must be affirmed.  The ALJ's fourth step determination that Plaintiff could perform her past relevant work as a cashier-checker as generally performed in the national economy is based on substantial evidence.  The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

/ / /

1

**I.    THE ALJ'S PAST RELEVANT WORK DETERMINATION
IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

2

3

Plaintiff contends that she cannot perform the job of cashier-checker because she

speaks little English.  The Court disagrees because Plaintiff in fact was able to perform the job

4

for 14 years, despite not being fluent in English.

5

**A.    Relevant Federal Law**

6

A claimant has the burden of proving that he or she no longer can perform past relevant

7

work ("PRW").  Pinto, 249 F.3d at 844.  The ALJ, however, has a duty to make the requisite

8

factual findings to support his conclusion on PRW.  Id.  This is done by examining a claimant's

9

RFC and the physical and mental demands of the claimant's PRW.  Id. at 844-45.

10

A claimant must be able to perform:  (1) the functional demands and job duties of a

11

particular past relevant job as he or she actually performed it, or (2) the functional demands and

12

job duties of the occupation as generally required by employers throughout the national

13

economy.  SSR 82-61; Pinto, 249 F.3d at 845.  In making this determination, the ALJ must

14

make the following findings of fact:

15

16

      1.      A finding of fact as to the individual's RFC.

      2.      A finding of fact as to the physical and mental demands of the past

17

              job/occupation.

18

      3.      A finding of fact that the individual's RFC would permit a return to his

19

              or her past job or occupation.

20

SSR 82-62.  Past work experience "must be considered carefully to assure that the available

21

facts support a conclusion regarding the claimant's ability or inability" to perform the functional

22

activities of past work.  Id.  The ALJ's decision "must be developed and explained fully in the

23

disability decision."  Id.

24

Social Security regulations advise the ALJ to consider first whether the individual still can

25

do PRW as he or she actually performed it because individual jobs within a category may not

26

entail all of the requirements of a job in that category set forth in the Dictionary of Occupational

27

Titles ("DOT").  SSR 96-8p; Pinto, 249 F.3d at 845.  The claimant is an important source of

28

information about his or her PRW.  SSR 82-41; Pinto, id.  Other sources of information that may be consulted include vocational expert ("VE") testimony and DOT.  20 C.F.R. §§ 404.1560 (b)(2) and 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as generally performed.  Id.  Typically, the best source of how a job is generally performed in the national economy is the DOT.  Id.  An ALJ may accept vocational expert testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation."  Id. at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).  The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DOT.  SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).  If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DOT.  Id.; Massachi, 486 F.3d at 1153.  Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from DOT.  Id. at 1154 n.19.

## B.     Analysis

Plaintiff previously worked as a cashier-checker on a full time basis for over 14 years, from August 1989 to June 2004.  (AR 42, 187, 208, 249, 915-917.)  The job she performed involved operating a cash register and stocking shelves, and required her to lift up to 50 pounds occasionally.  (AR 42.)

The cashier-checker job is classified as light work in the DOT (211.462-014), consistent with the light work RFC assessed by the ALJ.  (AR 42.)  When asked if Plaintiff could perform her past relevant work, the VE testified that Plaintiff could not perform her PRW as actually performed because she performed it as medium work.  (AR 42, 927.)  The VE, however, testified that Plaintiff could perform the work as it is generally performed in the national economy, i.e., as light work.  (AR 42-43, 927.)  The ALJ specifically asked the VE if there was any conflict with DOT and the VE answered no.  (AR 43, 927.)

Plaintiff's only contention is that she does not have the language skills to perform the cashier-checker job as generally performed.  DOT 211.462-014 describes the following language requirements for the cashier-checker job:

> Language: Level 2 - READING: Passive vocabulary of 5,000-6,000 words.
> Read at rate of 190-215 words per minute.  Read adventure stories and
> comic books, looking up unfamiliar words in dictionary for meaning, spelling,
> and pronunciation.  Read instructions for assembling model cars and
> airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style,
> proper end punctuation, and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and
> emphasis, correct punctuation, variations in word order, using present,
> perfect, and future tenses.

Ms. Rosales was born and raised in Guatemala.  (AR 339-340.)  She did not complete the eighth grade in Guatemala.  (JS 9:4-5.)  She was 59 years old at the time of the hearing in 2011 and immigrated to the United States in her early thirties.  (AR 915.)  She testified she has been in the United States for 26 years.  (AR 915.)  She is not a citizen but a permanent resident.  (AR 914.)  In various disability reports, Ms. Rosales claimed she could not speak, read or write English.  (AR 185, 204, 226, 270.)  She had an interpreter present at medical examinations and at the hearing.  (AR 333, 532, 686, 785, 910-932.)  She stated at the hearing she used "very little" English.  (AR 915, 916.)

The ALJ found Plaintiff to have "limited ability to communicate in English."  (AR 42.)  The ALJ explicitly included this limitation in her hypothetical question to the VE:

> . . . she has little English, but apparently did work in that capacity for
> 14 years, so that indicates to me that there's probably a bit more than none.
> And, so I would say she's not fluent.

(AR 926.)  The VE testified that Plaintiff could perform the cashier-checker job as generally performed, i.e., as light work.  (AR 43, 927.)

8

1       Plaintiff contends that neither the ALJ nor the VE offered any explanation for the

2  variation from the language requirements in DOT 211.462-014.  Plaintiff is incorrect.  The ALJ

3  explicitly noted in the passage above and in her decision that Plaintiff had been able to perform

4  her past relevant work for 14 years, despite being less than fluent.  (AR 39, 926.)  The VE's

5  testimony plainly took this fact into account.  (AR 926-927.)  Plaintiff never explains why she

6  was able to perform the job for 14 years but now cannot do so.  Her ability to do so is sufficient

7  support to justify any deviation from DOT.  <u>Massachi</u>, 486 F.3d at 1154 n.19.  Plaintiff had the

8  burden at the fourth step of the sequential process to prove she is unable to perform PRW but

9  failed to meet that burden.

10       Supporting the ALJ's determination was the finding in the prior ALJ decision in 2007 that

11  Claimant could perform work as a cashier/checker requiring light work.  (AR 63.)  The prior ALJ

12  made this determination, while observing that Plaintiff stated at the hearing that she does not

13  speak English "proficiently."  (AR 56.)  In the prior decision, the ALJ also made an adverse

14  credibility determination.  (AR 61.)  There was nothing in the Appeals Council remand order

15  regarding Plaintiff's language abilities.  (AR 34, 66-67.)  The ALJ in 2011 was fully aware of the

16  findings in the prior decision (AR 34) which support the ALJ's fourth step determination here.

17       Additionally, the ALJ made an adverse credibility determination in this case (AR 39)

18  which Plaintiff does not challenge here.  The ALJ noted exaggerated symptoms, clinical

19  observations and findings which contrast sharply with the rather extreme limitations alleged by

20  the Claimant, few objective signs of impairment, conservative treatment, inconsistent daily

21  activities and a singular lack of motivation.  (AR 39-41.)  The ALJ's thoroughgoing adverse

22  credibility determination (AR 39-41) also supports her PRW finding, in particular the ALJ's

23  finding that Plaintiff can perform the cashier-check job despite not being fluent in English, based

24  on the fact that she did so for 14 years.

25       Plaintiff disagrees with the ALJ's interpretation of the record but the ALJ is the one

26  responsible for resolving ambiguities in the evidence.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039

27  (9th Cir. 1995).  Where the ALJ's interpretation of the record evidence is reasonable as it is

28  here, it should not be second-guessed.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

1    The ALJ's fourth step PRW finding is supported by substantial evidence.  The ALJ's

2  nondisability determination is supported by substantial evidence and free of legal error.

3                                                    **ORDER**

4    IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

5  Commissioner of Social Security and dismissing this case with prejudice.

6

7  DATED: <u>January 6, 2014</u>                    <u>          /s/ John E. McDermott          </u>

8                                                JOHN E. MCDERMOTT
                                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28